UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THE INDEPENDENCE PROJECT, INC., a )
New Jersey Non-Profit Corporation, )
and JOHN MEGGS, an Individual, )
                                     Plaintiffs, )
  )
vs.   ) Case No.  4:18-cv-01672
  )
BLUM ASSOCIATES, LLC, a )
New York Limited Liability Company, )
  )
                                     Defendant. )
_____ )

**COMPLAINT**

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, and JOHN MEGGS, an Individual, on their behalf and on behalf of all other mobility impaired individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendant, BLUM ASSOCIATES, LLC, a New York Limited Liability Company ("Defendant"), for injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.***

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1

2. Venue is properly located in this Court; Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §1391(b) and E.D. Mo. L.R. 3 - 2.07. Venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. All events giving rise to this lawsuit occurred in the Eastern District of Missouri, within the boundaries of Saint Louis County, Missouri.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarte, California, 91010, in the County of Los Angeles.

6. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey. THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, in the County of Union.

7. Defendant, BLUM ASSOCIATES, LLC, holds title to the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

8. The Defendant's property, also known as Rallo Plaza, is located at 1101-1151 North Highway 67, Florissant, Missouri 63031 ("Subject Property").

9. Plaintiff, JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Meggs is a paraplegic as the result of a spinal cord injury and requires a wheelchair for mobility at all times.

10. Plaintiff operates a business incorporated in the State of Missouri with its registered business address and his business partners' home address both being 2236 Renault Drive, Apartment

C, St. Louis, Missouri 63146.

11.     Plaintiff regularly visits St. Louis for pleasure and to conduct business; Mr. Meggs is a dee-jay, internet radio host, podcast host and musical talent scout.  Mr. Meggs regularly visits the St. Louis area to promote these endeavors and search for new musical talent by attending live musical events across the Greater Saint Louis area.

12.     Mr. Meggs is an extensive traveler by air, bus, and train. Mr. Meggs makes several trips to the St. Louis area per year by air from Los Angeles. These trips last, on average, 2-3 weeks after which Mr. Meggs travels by bus or train to visit his extensive family in the Kansas City area before returning home to Los Angeles by air. At this time, Mr. Meggs has return visits to the St. Louis area scheduled for October and November of 2018 and May and June of 2019, during which he will stay at hotels in close proximity to the airport where his reservations have been confirmed.

13.     Location of the Subject Property is in close proximity to that of St. Louis Lambert International Airport and the hotels in the surrounding area where Mr. Meggs often stays during his frequent visits.

14.     Plaintiff has visited the subject property that forms the basis of this lawsuit on several occasions with his last visit occurring in July 2018.  Mr. Meggs plans to return to the subject property within the next six months to avail himself of the goods and services offered to the public at the property.

15.     Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.  The plaintiff is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 16, and acts as a tester on their behalf to ensure the compliance of public accommodations under the Americans with Disabilities Act.

16. Plaintiff, THE INDEPENDENCE PROJECT, INC. is a New Jersey non-profit corporation. Members of this organization include individuals, residing across the United States, with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members across the United States by assuring places of public accommodation are accessible to and usable by, the disabled and that its members are not discriminated against because of their disabilities.

17. THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant has been compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

18. Defendant, BLUM ASSOCIATES, LLC, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Rallo Plaza and is located at 1101-1151 North Highway 67, Florissant, Missouri 63031.

19. THE INDEPENDENCE PROJECT, INC. and JOHN MEGGS have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 20 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. JOHN MEGGS desires to visit the subject property - Rallo Plaza, not only to avail himself of the goods and services

available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

20.     Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182 *et seq*.

21.     Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of subject property has shown that violations exist.  These are violations that JOHN MEGGS personally encountered, including, but not limited to the following:

**Parking and Exterior Accessible Route**

  a. Parking spaces throughout the parking lot and those designated as accessible at Rallo Plaza are not maintained, contain slopes, and lack compliant access aisles, violating Sections 502 and 502.4 of the 2010 ADA Standards.  These conditions, during several visits, prevented Mr. Meggs from unloading from his vehicle freely and safely.  On certain occasions, he would park away from the plaza to ensure he could access his vehicle safely.

  b. Parking spaces adjacent Enterprise Rental Car and Cell Phone Repair Shop contain slopes which are greater than 2.0% and fail to provide an accessible route to tenants or curb ramps, in violation of Sections 402, 502, and 502.4 of the 2010 ADA Standards. As is the case with the preceding conditions Mr. Meggs is forced to park away from the plaza and travel through the traffic area of the parking lot in order to ensure that he can safely access his vehicle.

  c. Curb ramps provided to access stores at Rallo Plaza are unsafe for wheelchair users and are not provided at all in some areas. The curb ramps that are provided protrude into access aisles and contain abrupt changes of level, excessive slopes and lack level landings, violating Sections 402 and 406 of the 2010 ADA Standards.  Mr. Meggs uses a manual wheelchair, so he is severely impeded by improper curb ramps.  The preceding conditions make curb ramps dangerous for Mr. Meggs as they present a tipping hazard and can cause damage to his wheelchair.

  d. The exterior accessible route from parking spaces at Rallo Plaza fails to provide a safe accessible route to ramps or curb ramps, violating Section 402 of the 2010 ADA Standards. Mr. Meggs was forced to travel around obstacles and through the traffic area of the parking lot in order to access the curb ramp, presenting him with the danger of encountering moving vehicles.

  e. Rallo Plaza fails to provide a safe accessible route to the adjacent street/sidewalk/bus stop, violating Section 206.2.1 of the 2010 ADA Standards.  The lack of a safe, accessible route renders impossible, the option of using public transportation for Mr. Meggs.

**Access to Goods and Services**

  f. Doughnut Cupboard fails to provide wheel-chair accessible dining tables, violating Section 902 of the 2010 ADA Standards. Mr. Meggs was unable to dine comfortably due the lack of accessible tables.

  g. Payment counters throughout Rallo Plaza, including those at Doughnut Cupboard, Colour Salon, Al-Amir Market and Enterprise Rental Car are mounted beyond the reach of wheelchair users, violating Sections 308 and 904 of the 2010 ADA Standards. Mr. Meggs is unable to access counters when they are mounted beyond his reach; straining to reach presents a tipping hazard.

  h. The exterior accessible route at Rallo Plaza contains steps and is not continuous, violating Section 402 of the 2010 ADA Standards. Mr. Meggs is forced to travel in the traffic area of the

parking lot in order to access the accessible route.

**Restrooms**

 i. Restrooms at Rallo Plaza including those located within Doughnut Cupboard and Colour Salon were reported to be unsafe for use by Mr. Meggs. Inspection revealed Mr. Meggs was unable to use these restrooms safely due to a lack of accessibility.  Restrooms in question contain inaccessible water closets which lack proper controls and lack adequate wheelchair maneuvering space - a violation of Section 601 of the 2010 ADA Standards.

 j. Mr. Meggs was unable to use the dispensers at Doughnut Cupboard and Colour Salon. These restrooms provide dispensers which are beyond the reach of wheelchair users and are inaccessible to Mr. Meggs, violating Section 308 of the 2010 ADA Standards.

 k. The lavatories at Doughnut Cupboard and Colour Salon lack proper knee clearance and accessibility in violation of Section 308 of the 2010 ADA Standards. Mr. Meggs was unable to freely access the lavatory which prevented him from washing his hands before exiting the restrooms.

 l. Doughnut Cupboard and Colour Salon each provide restrooms that contain improper centerlines for the water closets and flushed controls mounted on the wall-side which impedes their access.  These conditions are in violation of Section 604 of the 2010 ADA Standards.  Improper centerlines make the transition from his wheelchair to the water closet exceedingly difficult for Mr. Meggs and present him with the danger of a fall. During past visits the preceding conditions have prevented Mr. Meggs from using the water closet.

 m. The restroom door at both Doughnut Cupboard and Colour Salon is impeded by a lack of proper signage, improper door hardware and a lack of maneuvering clearance, violating Section 404 of the 2010 ADA Standards. Round door knobs are impediment to Mr. Meggs, levered handles are required. Further, Mr. Meggs is unable to exit the restroom without assistance due to the lack of

maneuvering clearance; thus, he cannot enter the restroom alone and enjoy any sort of privacy.

22. All of the foregoing violations are also violations of the 1991 American with Disabilities Act Accessibility Guidelines ("ADAAG") and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

23. The discriminatory violations described in paragraph 21 are not an exhaustive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

24. The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Furthermore, the Defendant continues to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

27. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

29. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or

waived by the Defendant.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' request for Injunctive Relief, including an order to require the Defendant to alter the subject property to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the property until such time as the Defendant has cured violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: October 2, 2018      /s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq. (70443MO)
Shadinger Law, LLC
100 S 4th Street
Suite 550
St. Louis, MO 63102
Tel. (314) 279-7416
Fax (314) 898-0423
js@shadingerlaw.com
*Attorney for Plaintiffs, John Meggs and The Independence Project, Inc.*